DAVID W. BARLOW  #8896
Law Offices of David W. Barlow
A Limited Liability Law Company
733 Bishop Street, Suite 2390
Honolulu, Hawaii 96813
Telephone: (808) 375-7415

Attorney for Plaintiff
JONAH LANE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JONAH LANE, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF AGRIGULTURE; CHARLES TOM; and DOE DEFENDANTS 1-20, <br><br> Defendants. | CIVIL NO. _____ <br> (Motor Vehicle Tort) <br><br> **COMPLAINT and SUMMONS** |

# COMPLAINT

Plaintiff JONAH LANE, by and through his attorney, David W. Barlow, hereby alleges and avers the following claims against Defendants:

1. This is an action to recover damages sustained and suffered by Plaintiff JONAH LANE due to a motor vehicle collision on the island of Oahu, State of Hawaii, United States of America, as a result of the negligent and reckless actions and/or omissions of the Defendants.

2. This Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.*, and other applicable law. The District of Hawai`i is the appropriate venue for this action pursuant to 28 U.S.C. § 1402.

3. At all times material to this Complaint, Plaintiff JONAH LANE was a citizen of the United States of America and resided in Honolulu, Hawaii.

4. At all times material to this Complaint, Defendant UNITED STATES OF AMERICA, and/or its employees and agents, operated, controlled, and/or funded the UNITED STATES DEPARTMENT OF AGRICULTURE.

5. At all times material to this Complaint, Defendant UNITED STATES DEPARTMENT OF AGRICULTURE, and/or its employees and agents, employed, compensated, and controlled Defendant CHARLES TOM.

6. At all times material to this Complaint, Defendant CHARLES TOM was acting within the course and scope of his employment, agency, and service with

Defendant UNITED STATES DEPARTMENT OF AGRICULTURE and Defendant UNITED STATES OF AMERICA. Defendant CHARLES TOM is a UNITED STATES DEPARTMENT OF AGRICULTURE Wildlife Tech. Defendant CHARLES TOM was operating a motor vehicle owned by Defendant UNITED STATES DEPARTMENT OF AGRICULTURE and Defendant UNITED STATES OF AMERICA as part of his employment, compensation, and/or terms of employment. Defendant CHARLES TOM operated the vehicle at the aforesaid time with the express and/or implied permission of Defendant UNITED STATES DEPARTMENT OF AGRICULTURE, and Defendant UNITED STATES OF AMERICA.

7. Defendant UNITED STATES DEPARTMENT OF AGRICULTURE and Defendant UNITED STATES OF AMERICA, are vicariously liable for the negligence and/or tortious conduct of Defendant CHARLES TOM and the legally resulting injuries and damages of that conduct which occurred in the course and scope of his employment, agency, and service and/or the period of time in which Defendant UNITED STATES DEPARTMENT OF AGRICULTURE and Defendant UNITED STATES OF AMERICA entrusted a vehicle to Defendant CHARLES TOM under the doctrine of *Respondeat Superior.*

8. Prior to filing this Complaint, Plaintiff and/or his counsel made a diligent search in order to ascertain the existence, full names, and identities of all persons or entities that may be legally responsible for the Plaintiff's injuries and damages but have no knowledge or information regarding the Defendants in this action designated as Doe Defendants 1 - 20. Said Defendants are persons, corporations, partnerships, governmental bodies, political subdivisions and/or their agents, and/or other entities of whatever kind, and are sued herein under these fictitious names as their true names and identities are unknown to the Plaintiff, except that they may be connected in some manner with the named Defendants or may be connected to agents, servants, employees, employers, representatives, joint venturers, associates and/or independent contractors of the named Defendants or are independent of the named Defendants and were engaged in activities or negligent conduct alleged herein or in some other manner unknown to Plaintiff. At such time as the actual identities of Doe Defendants 1 - 20 become known to Plaintiff, he will seek leave to certify them as Doe Defendants and to file a first amended complaint.

9. Pursuant to 28 U.S.C. § 2675(a), more than six months before this action was instituted the claims set forth herein were presented to the UNITED STATES DEPARTMENT OF AGRICULTURE. All procedural prerequisites to filing this

lawsuit have been satisfied by Plaintiff, including the exhaustion of all administrative remedies under the Federal Tort Claims Act.

10. Prior to filing this Complaint, Plaintiff exceeded the tort threshold requirement as outlined in 28 U.S.C. § 1332.

11. If Defendant UNITED STATES OF AMERICA and Defendant UNITED STATES DEPARTMENT OF AGRICULTURE were private persons they would be liable to Plaintiff for all of the following damages in accordance with the laws of Hawaii, the United States of America, and common law.

12. The events giving rise to this Complaint occurred on or about May 28, 2016, at or about 4:15 p.m. This Complaint involves a collision at the intersection of Kalaeloa Blvd. and Kauhi St. in Kapolei, Hawaii. At the time of the collision, Defendant CHARLES TOM was driving a white Chevy Silverado UNITED STATES DEPARTMENT OF AGRICULTURE pick-up truck with plate #A348827. Defendant CHARLES TOM was traveling south bound on Kalaeloa Blvd. and turned left onto Kauhi St. At the time of the collision, Plaintiff JONAH LANE was riding a motorcycle northbound through the intersection of Kalaeloa Blvd. Plaintiff JONAH LANE had the right of way as he drove through the intersection; however, Defendant CHARLES TOM cut off Plaintiff JONAH

LANE's right of way by turning left in front of him. Plaintiff JONAH LANE swerved to avoid colliding into the UNITED STATES DEPARTMENT OF AGRICULTURE truck being driven by Defendant CHARLES TOM, but he was unable to avoid colliding into the side of the truck. Defendant CHARLES TOM confessed that he saw Plaintiff JONAH LANE on his motorcycle when Plaintiff JONAH LANE was 300 feet away from the intersection. The Defendants are liable for Plaintiff JONAH LANE's injuries and damages because the collision involved a UNITED STATES DEPARTMENT OF AGRICULTURE vehicle and Defendant CHARLES TOM was driving the UNITED STATES DEPARTMENT OF AGRICULTURE vehicle to the UNITED STATES DEPARTMENT OF AGRICULTURE office when he turned left in front of Plaintiff JONAH LANE and cut off Plaintiff JONAH LANE's right of way.

13. The Defendants' negligence caused serious injury to Plaintiff JONAH LANE.

14. At all times material to this Complaint, Defendant CHARLES TOM was under a legal duty to possess and apply the knowledge and to use the skill and care that is ordinarily possessed by licensed drivers.

15. Before and at the time of the collision Defendant CHARLES TOM operated his vehicle in a negligent and/or reckless manner.

16. Defendants acted with a heedless, reckless, and/or negligent disregard of Plaintiff.

17. As a direct and legal result of the negligent, careless, and/or reckless conduct, actions, and omissions of Defendants, Plaintiff suffered severe and permanent physical injuries and disabilities, pain, suffering, past and future lost wages, diminished earning capacity, and a loss of enjoyment of life as are compensable under Hawaii law, *Hawaii Revised Statutes* §§ 663-8.3 and 663-8.5 and 28 U.S.C. § 1332

18. As a further direct and legal result of the negligence, gross negligence, reckless conduct, actions, and/or omissions of Defendants, Plaintiff incurred and continues to incur substantial medical expenses.

19. Defendants negligently, intentionally, and maliciously disregarded the rights of Plaintiff. Defendants' negligence, gross negligence, reckless conduct, intent and malice were collectively the legal cause of the occurrence in question and the resulting injuries and damages to Plaintiff.

20. As a further direct and legal result of the negligence, gross negligence, reckless conduct, negligent actions, and negligent omissions, and intentional and

malicious actions of Defendants, Plaintiff suffered, and will continue to suffer in the future, other general and special damages to be shown at the time of trial.

21. As a further direct and legal result of the negligence, gross negligence, reckless conduct and omissions, and intentional and malicious actions, of Defendants, Plaintiff has suffered and will continue to suffer great emotional pain and suffering, serious emotional distress and mental anxiety, and is entitled to compensation for said losses.

WHEREFORE, Plaintiff prays that judgment be entered in his favor against Defendants as follows:

A. Special damages in amounts as will be proved at trial;

B. General damages in amounts as will be proved at trial;

C. Punitive damages in an amount that will be proved at trial;

D. Prejudgment interest from the date of the incident, post-judgment interest;

E. Reasonable attorney's fees and costs; and

F. Any and all other relief as may be deemed just and equitable by the Court.

DATED: Honolulu, Hawai'i, 2/14/2018

_David W. Barlow_
DAVID W. BARLOW
Attorney for Plaintiff