IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JONAH LANE, | ) | CIVIL 18-00060 LEK-RLP |
| Plaintiff, | ) | |
| vs. | ) | |
| UNITED STATES OF AMERICA, ET AL., | ) | |
| Defendants. | ) | |

**ORDER REGARDING PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

On February 14, 2018, Plaintiff Jonah Lane ("Plaintiff") filed his Complaint against Defendants United States of America ("United States"), United States Department of Agriculture ("Department"), and Charles Thom ("Thom"). [Dkt. no. 1.] On September 5, 2018, this Court issued an Order to Show Cause Why Case Should Not Be Dismissed for Failure to Prosecute ("OSC"). [Dkt. no. 14.] The OSC ordered Plaintiff to file a response by October 3, 2018. [Id. at 2.]

On October 4, 2018, Plaintiff filed a Declaration of Service by Hand Delivery, certifying that the Complaint, summons, and the order setting the scheduling conference were delivered to the United States Attorney's Office for the District of Hawai`i on October 3, 2018 ("10/4/18 Declaration"). [Dkt. no. 16.] On October 9, 2018, Plaintiff filed his response to the OSC ("Response"). [Dkt. no. 18 (sealed).] On October 15, 2018, Plaintiff filed a Declaration of Service via Certified Mail,

certifying that the Complaint, summons, and the order setting the scheduling conference were served on Attorney General Jeffrey Sessions on October 10, 2018 ("10/15/18 Declaration"). [Dkt. no. 19.]

The Court does not condone Plaintiff's failure to either file his Response prior to the deadline set forth in the OSC or request an extension of the deadline to respond to the OSC. However, this Court finds that the Response establishes good cause for Plaintiff's failure to serve the Complaint within ninety days after the Complaint was filed. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Further, in light of the 10/4/18 Declaration and the 10/15/18 Declaration, this Court concludes, for purposes of the OSC, that Plaintiff has complied with the requirements to effectuate service on the United States.[1] See Rule 4(i)(1). **The**

---

[1] This conclusion is for the purposes of the OSC only and does not preclude the United States from challenging the sufficiency of service, if appropriate under the circumstances of this case.

**United States is HEREBY ORDERED to respond to the Complaint within the time period required by the applicable legal authorities.**

Plaintiff, however, has not complied with the requirements to effectuate service on either the Department, see Rule 4(i)(2), or Thom, see Rule 4(i)(2)-(3). The Court therefore ORDERS Plaintiff to file proof of service as to the Department and Thom by **December 26, 2018**. See Rule 4(i)(4) ("The court must allow a party a reasonable time to cure its failure to: (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States[.]").

If Plaintiff fails to file proof of service as to either the Department or Thom by **December 26, 2018**, the Complaint may be dismissed as to that defendant. See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)).[2] If Plaintiff cannot file proof of service by **December 26, 2018**, he must file a motion seeking an extension of

---

[2] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

the deadline, and his motion must set forth good cause why he cannot file proof of service by that date.

The Clerk's Office is DIRECTED to serve a copy of this Order on Kenji Price, United States Attorney for the District of Hawai`i.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 26, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JONAH LANE VS. UNITED STATES OF AMERICA, ET AL; CV 18-00060 LEK-RLP; ORDER REGARDING PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**