IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JONAH LANE, | ) | CIVIL 18-00060 LEK-RLP |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| UNITED STATES OF AMERICA, ET AL., | ) | |
| Defendants. | ) | |

**ORDER REGARDING FAILURE TO COMPLY WITH
COURT ORDER ISSUED ON NOVEMBER 26, 2018**

On November 26, 2018, this Court issued its Order Regarding Plaintiff's Response to Order to Show Cause ("11/26/18 Order"). [Dkt. no. 20.] Plaintiff Jonah Lane ("Plaintiff") and Defendant the United States of America ("United States") have each failed to comply with that order.

I. **United States's Failure to Comply**

In the 11/26/18 Order, this Court concluded that Plaintiff complied with the requirements to effectuate service on United States.[1]  This Court therefore ordered the United States to respond to Plaintiff's Complaint, [filed 2/14/18 (dkt. no. 1),] within the time period required under the applicable legal authorities. [11/26/18 Order at 2-3.] The Clerk's Office was directed to serve a copy of the 11/26/18 Order on

---

[1] The 11/26/18 Order does not preclude the United States from challenging the sufficiency of service, if appropriate under the circumstances of this case. See 11/26/18 Order at 2 n.1.

Kenji Price, United States Attorney for the District of Hawai`i. [Id. at 4.] In spite of the 11/26/18 Order, the United States has not entered an appearance in this case.

Upon review of the docket, it appears that the Clerk's Office did not serve the 11/26/18 Order on United States Attorney Price. Therefore, the United States's failure to comply with the 11/26/18 Order will not be held against it. This Court DIRECTS the Clerk's Office to serve a copy of the instant Order, and a copy of the 11/26/18 Order, on United States Attorney Price. The United States is ORDERED to respond to the Complaint by **February 28, 2019**.

## II. Plaintiff's Failure to Comply

In the 11/26/18 Order, this Court also concluded that Plaintiff had not complied with the requirements to effectuate service on Defendant United States Department of Agriculture ("Department"), nor had Plaintiff complied as to Defendant Charles Tom ("Tom"). This Court ordered Plaintiff to file proof of service as to the Department and as to Tom by December 26, 2018. This Court stated that, if Plaintiff was unable to file proof of service by that date, he had to file a motion seeking an extension of the deadline. [Id. at 3-4.] This Court specifically cautioned Plaintiff that: "If Plaintiff fails to file proof of service as to either the Department or [Tom] by December 26, 2018, the Complaint may be dismissed as to that

2

defendant." [Id. at 3 & n.2 (emphasis omitted) (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999); Fed. R. Civ. P. 41(b)).]

Plaintiff has not filed any document in this case since this Court issued the 11/26/18 Order.  Unlike the United States, Plaintiff's counsel was served with notice of the 11/26/18 Order.  In addition, the United States's failure to comply with the 11/26/18 Order does not excuse Plaintiff's failure to complete service on the Department and Tom.

Plaintiff had a reasonable amount of time to cure his failure to complete service on the Department and Tom.  See Fed. R. Civ. P. 4(i)(4) (describing the circumstances under which "[t]he court must allow a party a reasonable time to cure its failure to" complete service on a United States agency, an officer, or a employee).  Because of Plaintiff's failure to complete service on the Department and Tom within a reasonable time, and because Plaintiff has not complied with the 11/26/18 Order, this Court has the discretion to dismiss Plaintiff's claims against them, without prejudice.  Cf. Yourish, 191 F.3d at 988 (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under

Rule 41(b)).[2] After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[3] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits. Moreover, the Department and Tom will not be prejudiced by dismissal because Plaintiff did not complete service on them, and there are no less drastic alternatives available at this time.

The claims in Plaintiff's Complaint against the Department and Plaintiff's claims against Tom are HEREBY DISMISSED WITHOUT PREJUDICE. This Court DIRECTS the Clerk's Office to terminate the Department and Tom as parties in this action on **February 28, 2019**, unless Plaintiff files a timely motion for reconsideration of this Order as provided for in the

---

[2] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[3] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

Local Rules of Practice for the United States District Court for the District of Hawaii.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, February 6, 2019.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**JONAH LANE VS. UNITED STATES OF AMERICA; CV 18-00060 LEK-RLP; ORDER REGARDING FAILURE TO COMPLY WITH COURT ORDER ISSUED NOVEMBER 26, 2018**